ANSTEAD, Judge,
dissenting.
I do not agree that the initial search of the passenger compartment of the automobile was proper. My conclusion is predicated on the officer’s own description of the incident. The officer himself never asserted that he searched the passenger compartment because he had probable cause to believe the vehicle was stolen. He candidly admitted that he acted because he was generally suspicious of the circumstances. The majority has held that the trooper had probable cause to believe that the vehicle was stolen and therefore had probable cause to search the vehicle. I am not certain under what legal theory this right to search is predicated however, since it is undisputed that the appellant was not arrested for possession of a stolen vehicle or any similar charge, and the search was clearly not a search incident to arrest. It is also undisputed that the officer’s decision to detain the vehicle was made after the illegal intrusion into the passenger compartment. The officer’s increased suspicion based on his unlawful intrusion into the passenger compartment cannot be used to create the probable cause needed to enter the vehicle in the first place.
In addition, even after the search of the passenger compartment, the appellant was told that he was free to leave. This further confirms that the officer had no probable cause to believe appellant was in possession of a stolen vehicle, since, even after the intrusion, the officer did not arrest the appellant. Finally, the lack of probable cause is confirmed by the officer’s action in asking the appellant for permission to search the trunk of the car at a time long after the majority says the officer needed no such consent. The bottom line is that the officer himself candidly stated that he had only a suspicion that the vehicle might be stolen, and suspicion will not justify a search or seizure. In State v. Anderson, 479 So.2d 816 (Fla. 4th DCA 1985), we held that similar circumstances did not create a founded suspicion to justify a temporary detention. Even if the slightly different circumstances here were sufficient to create a founded suspicion, however, they still *846 do not rise to the level of probable cause to justify a search pursuant to an arrest that never took place. We are, in effect, creating a fiction out of hindsight to justify an improper search conducted on an ad hoc basis pursuant to an officer’s suspicion that something was “fishy.”